# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jorge Vazquez,

    Petitioner

vs.

Brian Williams, et al.,

    Respondents.

Case No. 2:14-cv-01969-JAD-PAL

**Order Dismissing Petition and Closing Case**

[ECF 7, 9, 13]

Nevada state prisoner Jorge Vazquez brings this habeas-corpus action challenging his state-court convictions and resulting sentences. Because all of Vazquez's claims are unexhausted, I dismiss his petition in its entirety without prejudice to his ability to file a new petition after he exhausts all available state-court remedies.

## Background[1]

On September 7, 2012, a jury in Nevada's Eighth Judicial District Court convicted Vazquez of burglary (three counts), solicitation to commit murder, attempted murder, and child neglect or endangerment. The trial court struck the solicitation charge, finding that it merged into the attempted murder charge. The trial court then sentenced Vazquez to 28–72 months on the burglary charges and consecutive terms of 96–240 months and 6–12 months (to run concurrent) on the attempted murder and child neglect charges. Vazquez appealed.

On December 3, 2013, the Nevada Supreme Court reversed two of Vazquez's burglary convictions, the attempted-murder conviction, and the child-neglect or endangerment conviction. Vazquez's remaining convictions were for burglary (one count) and solicitation to commit murder (one count). On remand, the trial court sentenced Vazquez to 28–72 months on the burglary charge, followed by a consecutive term of 72–180 months for the solicitation charge. Vazquez did not appeal.

On April 7, 2014, Vazquez filed a motion to modify/correct sentence in the state district court. After a hearing, the court denied the motion. Vazquez appealed; the Nevada Supreme

---

[1] This procedural history is derived from the exhibits filed at ECF 10–12.

Court affirmed.  Vazquez now seeks federal habeas relief.

## Discussion

**A.    Claim Exhaustion**

A federal court will not entertain a state prisoner's federal habeas petition until the petitioner has exhausted all available state-court remedies for his claims.[2]  "Exhausted" means that the petitioner must first give the state courts a fair opportunity to act on each of his claims before he presents those claims in federal court.[3]  To exhaust a claim, the petitioner must give the highest available state court a fair opportunity to consider the claim through direct appeal or state collateral-review proceedings.[4]  This so-called "fair presentation" requirement is satisfied if the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based.[5]

**B.    Vazquez's petition must be dismissed because none of his claims are exhausted.**

In ground one, Vazquez claims that the trial court violated his due-process rights by imposing a consecutive sentence of 72–180 months on the solicitation charge.   He argues that this sentence is improper because the trial court had previously vacated the solicitation charge.  He also argues that the trial court failed to make required factual findings and to consider mitigating evidence.

Vazquez raised this claim (and others) in his motion to modify/correct sentence,[6] but the Nevada Supreme Court declined to consider this motion on the merits.  The court explained that

---

[2] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[4] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[5] *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

[6] ECF 12-6 at 4–6.

Vazquez's claims fell outside the "the narrow scope of claims permissible in a motion to modify sentence."[7] "Submitting a [ ]claim to the state's highest court in a procedural context [where] its merits will not be considered" does not satisfy the fair-presentation requirement.[8] Vazquez has not otherwise presented this claim to the Nevada Supreme Court. Ground one is therefore unexhausted, so I cannot consider it.

Vazquez next alleges that the trial judge erred by admitting testimony from a confidential informant because the informant had previously been represented by the Clark County Public Defender and the judge knew or should have known that the informant's testimony was false. Vazquez has not presented this claim to the Nevada Supreme Court on direct appeal or in a collateral-review proceeding. Thus, claim two is also unexhausted and therefore not yet capable of federal habeas review.

In ground three, Vazquez alleges that he received ineffective assistance of counsel at his second sentencing proceeding. Vazquez presented some of the same supporting factual allegations in his motion to modify/correct sentence in state court.[9] But, as discussed above, none of the claims raised in that proceeding were fairly presented to the Nevada Supreme Court. Ground three is also unexhausted because fair presentation requires the petitioner to alert the state court that he asserts a claim under federal law,[10] and Vazquez failed to allege a *federal* ineffective-assistance-of-counsel claim in his motion to modify/correct sentence. For both of these reasons, ground three is unexhausted.

A federal district court must dismiss a wholly unexhausted habeas petition.[11] Unlike with

---

[7] ECF 12-15 at 2–3 (citing *Edwards v. State*, 918 P.2d 321, 324 (1996)).

[8] *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

[9] ECF 12-6 at 5.

[10] *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan,* 513 U.S. at 365).

[11] *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a federal district court must dismiss without prejudice a completely unexhausted petition).

"mixed petitions"—those containing both exhausted and unexhausted claims—a federal court has no authority to stay a wholly unexhausted petition.[12]  Because Vazquez's petition is wholly unexhausted, I dismiss it without prejudice to his filing a new petition once he has properly exhausted all available state-court remedies for his claims.

### C.     Certificate of Appealability

Because I have rejected all of Vazquez's claims, I also consider whether he should be granted a certificate of appealability.  The standard for issuing of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."[13]  When a district court dismisses a habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[14]  Having reviewed Vazquez's claims under this standard, I find that he has not made the requisite showing, and I decline to issue him a certificate of appealability on any of his claims.

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that respondents' motion to dismiss **[ECF 9]** is **GRANTED.**  This action is **DISMISSED** without prejudice, and a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that respondents' motion to seal exhibit **[ECF No. 13]** is **GRANTED** *nunc pro tunc* to August 10, 2015.

---

[12] *See Rhines v. Weber*, 544 U.S. 269 (authorizing stay and abeyance of a mixed federal habeas petition); *see also Raspberry*, 448 F.3d at 1154 (declining to extend the *Rhines* stay and abeyance procedure to wholly unexhausted petitions).

[13] 28 U.S.C. § 2553(c).

[14] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

The Clerk of the Court is instructed to **CLOSE THIS CASE.**

Dated this 3rd day of February, 2016.

                                               _____
                                               Jennifer A. Dorsey
                                               United States District Judge